UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRETAGNE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-206-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE MULTI-COUNTY | ) | |
| RECREATIONAL BOARD, INC., d/b/a | ) | **MEMORANDUM OPINION** |
| HOLLERWOOD OFFROAD | ) | **AND ORDER** |
| ADVENTURE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This dispute centers around whether certain roads on private property are public or private. [Record Nos. 57, 58] Plaintiff Bretagne, LLC, has filed a motion for summary judgment seeking a permanent injunction against Defendants Powell County and the Multi-County Recreational Board, Inc. ("MCRB") to keep them off Bretagne's property and to declare that the roads in issue are not county or public roads. The plaintiff seeks the same declaratory judgment against Defendant Estill County. [Record No. 57] MCRB and Powell County filed a cross-motion for summary judgment, asserting that they are protected from injunctive relief by sovereign immunity. [Record No. 58]

The Court will grant the plaintiff's motion for summary judgment, in part, because the roads on its property are not county or public roads. A corresponding declaratory judgment will be entered in the plaintiff's favor. However, the defendants are immune from injunctive relief. As a result, the defendants' motion for summary judgment will be granted and the plaintiff's motion for summary judgment will be denied on its injunctive relief claim.

-1-

**I.**

Bretagne owns 1,000 acres of real property in Powell and Estill Counties. The property originally was utilized for oil production, with the property in Powell County still operating for that purpose. The Estill County property was leased to Boneyard Hollow, LLC, to operate an off-road vehicle recreation park, but it could return to oil -production at any time.

Powell, Estill, Lee, and Wolfe Counties entered into an interlocal cooperation agreement in May 2013 to create a recreational board, known as the "Multi-County Recreational Board." [Record No. 57-7] The MCRB, doing business as Hollerwood, began operating an off-road vehicle recreation park near the plaintiff's properties in October 2018. It gave customers maps that included roads across the plaintiff's property and encouraged customers to enter that property to utilize the roads. In response, the plaintiff and its lessee erected barriers, posted no trespassing and permit only signs throughout the properties. It further circulated no trespassing notices. [Record No. 57-2, pp. 2-3] However, Hollerwood's customers continued to drive off-road vehicles onton and across the plaintiff's land.

The parties dispute came to a head when the Powell Fiscal Court notified the plaintiff that it could not prohibit Hollerwood's customers from entering its property. It held a hearing on March 12, 2019, to re-adopt the 1937 and 1954 Department of Transportation ("DOT") maps showing that county roads lie on the property. [Record No. 61-2, p. 7] The Powell Fiscal Court sent bulldozers to clear away barriers erected by the plaintiff. The plaintiff responded by filing suit in the Powell Circuit Court. That matter, however, was voluntarily dismissed before the present action was filed with this Court.

The Court granted injunctive relief, enjoining the defendants from accessing or entering the properties described in the Complaint or otherwise altering or interfering with the

properties. [Record No. 23] The Court further enjoined the defendants from asserting that they had authority to access Bretagne's properties.

The plaintiff filed an Amended Complaint seeking injunctive relief against the MCRB and the Powell Fiscal Court to prevent them from entering the subject property and from representing to Hollerwood's customers that they have the right to grant access to the areas in dispute. [Record No. 39] Additionally, the plaintiff requested entry of a declaratory judgment which would prevent the defendants from declaring that the roads on the properties are county or public roads.

The matter is currently pending for consideration of the plaintiff's motion for summary judgment regarding all claims. [Record No. 57] Additionally, Powell County and the MCRB have filed a cross-motion for summary judgment, asserting that the defendants are immune from injunctive relief. [Record No. 58]

## II.

Entry of summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The moving party carries an initial burden to produce evidence to present a prima facie case that the movant is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 317. Once the moving party has met its burden of production, "its opponent must do more than simply

show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 58.

### III.

### A.    Declaratory Judgment

#### i.    County Roads

"A county road, pursuant to Kentucky Revised Statutes ("KRS") 178.010 is a public road which has been formally accepted by the fiscal court of the county as a part of the county road system, or private roads, streets, or highways which have been acquired by the county . . ." *Ellington v. Becraft*, 534 S.W.3d 785, 790 (Ky. 2017) (internal quotations omitted).  A formal order is required to establish that a road is a county. *Ky. Props. Holding LLC v. Sproul*, 507 S.W.3d 563, 569 (Ky. 2016).  The defendants must also demonstrate that public notice was given before the issuance of such an order.  KRS § 178.050.

While there is a presumption of regularity for the procedure for adopting a county road, "the Fiscal Court's ultimate decision to adopt a given road as a county road—and thus assert control and possession of it—must be evidenced by proof consisting of an official order, resolution or ordinance of the fiscal court that appears of record." *Cary v. Pulaski County Fiscal Court*, 420 S.W.3d 500, 507-08 (Ky. Ct. App. 2013).  The *Cary* Court noted that if the fiscal court failed to produce a formal order it was unnecessary to delve into the particulars of the procedures for establishing a county road or any presumption of regularity. *Id*.

The plaintiff argues that the defendants cannot establish the existence of a county road on its property because they have failed to present an official order, resolution, or ordinance of the fiscal court and advance notice of any order. The defendants argue in response that the 1937 and 1954 DOT maps were adopted on March 12, 2019, by the Powell Fiscal Court and that the minute entry of the hearing constitutes an official order. [Record No. 57-10] But the plaintiff asserts that it did not receive adequate notice before the issuance of the order and that the action failed to sufficiently describe the county roads established. The plaintiff also believes that relying on the 1937 and 1954 DOT maps is insufficient to establish the existence of county roads on the properties.

While the defendants concede that there is no evidence that Estill County formally accepted the roads at issue, they argue that Powell County did formally accept the roads as county roads. They contend that there was a formal order of the Powell Fiscal Court because a meeting on March 12, 2019, adopted the 1937 and 1954 maps which show county roads lie on the property. The notes from the March 12, 2019 meeting before the Powell Fiscal Court explain that "the spurs of Lick Road to KY 1036 have seen unimpeded use and are shown on either the 1937 Powell County Map or the 1954 Powell County Map." [Record No. 57-10, p. 2] Additionally, the notes state:

> A motion was made by Judge Anderson seconded Magistrate Tipton that we acknowledge the highlighted maps (a copy of these will follow minutes) so long as there is no legal records that these roads have been removed and the motion to include to re-affirm Kentucky Transportation Cabinet 1954 and 1937 maps to their entirely.

[*Id*. at 3] But the 1998 DOT map establish that there were no county roads on the property and this map was formally adopted by the Powell Fiscal Court on March 13, 1998. [Record No. 63-4]

KRS 178.050 explicitly states that "[n]o county road shall be established or discounted, or the location thereof changed unless due notice thereof has been given…" *See also Potter v. Matney*, 165 Ky. 266, 268 (Ky. 1915); *Robinson v. Whitley*, 2016 Ky. App. Unpub. LEXIS 909 (Ky. Ct. App. Jan. 22, 2016) ("The purpose of posting notice of a county road adoption is to give the property owners advance notice so that they may protest or take action if they are opposed to such adoption."). However, "the presumption of regularity has operated to shield a judgment relating to the establishment of a county road from a collateral attack in the face of an allegation that it was void for failing to follow statutory provisions relating to public notice in county road proceedings." *Cary*, 420 S.W.3d at 507 (citing *Tarter v. Wilson*, 207 Ky. 535 (Ky. 1925)). The presumption can be rebutted by actual proof that notice was not given. *Id.* (citing *Shanks v. Northcutt*, 3 S.W.2d 208, 209 (Ky. 1928)).

Even if the order on March 12, 2019, was sufficient to operate as a formal order, there is no indication that proper notice of the hearing was given. The plaintiff, through counsel, sent a letter to one of the defendants explaining how it did not have a right to access the property and noted that the roads were not county or public roads on October 12, 2018. [Record No. 57-4] But the Powell Fiscal Court did not hold the general meeting re-adopting the 1937 and 1954 maps until March 12, 2019. [Record No. 57-10]  There is nothing in the record to indicate that the plaintiff was given notice in advance of the hearing that re-adoption of the 1937 and 1954 maps was being considered. Instead of stating whether notice was given, the defendants argue that the process is entitled to the presumption of regularity. But the hearing regarding the re-adoption of the 1937 and 1954 maps slightly more than one year ago. Further, the Powell Fiscal Court was on notice that the plaintiff believed the roads on the property were not county roads. The plaintiff provides that it submitted open record requests

in an attempt to determine whether notice was given and has not received anything indicating that it was. [Record Nos. 57-9, 57-11]

Because it is questionable whether the minutes of the March 12, 2019 meeting constitute a formal order and there is nothing to indicate that notice was given to Bretagne, the county has failed to comply with the requirements of KRS Chapter 178. Thus, no county roads lie on either property.

### ii. Public Roads

General and continued use of a road by the public can create the right to continue the use. *Ellington*, 533 S.W.3d at 792. "The key to the establishment of a public road, therefore, is an implied or express dedication of that road to the public's use." *Id*. The subject road can be dedicated for public use by formal, statutory mechanisms or through informal common law principles – dedication by estoppel or dedication by prescription. *Id*. at 796.

Here, the plaintiff asserts that the defendants cannot prove that there are public roads on the properties because not all of the elements of adverse possession have been met. Thus, the defendants cannot meet the requirements for dedication by prescription. The defendants countered that dedication by prescription is not the only way to demonstrate that there are public roads on the property. They contend that there is a public need for the roads across Bretagne's properties.

To demonstrate dedication by prescription, the Kentucky Supreme Court requires all elements for adverse possession be met: actual, hostile, open and notorious, exclusive and continuous possession of the property for the statutory period of fifteen years. *Ellington*, 534 S.W.3d at 795. To demonstrate a prescriptive use, the use must be for public consumption "as a way common to all." *Id*. at 798. "Easements are not favored and the party claiming the right

-7-

to an easement bears the burden of establishing all the requirements for recognizing the easement." *Cary*, 420 S.W.3d at 509 (quoting *Carroll v. Meredith*, 59 S.W.3d 484, 490 (Ky. App. 2001)). And demonstrating a prescriptive easement requires proof by clear and convincing evidence. *Id.* at 797.

"[P]rescriptive easements – by their nature – are found on acquiescence . . . clear conduct indicating that a property owner is not acquiescing as to a prospective easement owner's claim of right should rightfully be considered as ending the running of a prescriptive period." *Allen v. Thomas*, 209 S.W.3d 475, 481 (Ky. Ct. App. 2006). It is clear from the record in this matter that the plaintiff did not acquiesce to the use of the roads on the property. Bretagne employee, Larry Oliver, explained in his declaration that at no time since 1977 has the owner of the Powell property allowed the public onto the property, it has been blocked by locked gates from at least 1977 to 2011, and no trespassing signs have been posted. [Record No. 57-2, pp. 2-3]

Additionally, "one of the essentials of the establishment of a road by prescription is the use of the land in question by the public and such use must be by the public generally as a way common to all." *Ellington*, 534 S.W.3d at 798 (citing *Rominger v. City Realty Co.*, 324 S.W.2d 806, 808 (Ky. 1959)). The defendants attempt to meet this element by testimony from Jeff Dozier given during the preliminary injunction hearing to assert that the roads have been used by the public. During that hearing, Dozier testified that "hundreds of individuals" used the roads to attend a Jeep Jamboree. He conceded, however, that he was only on the property a few times a year and did not know whether Bretagne permitted travel across its property. Thus, the defendants have failed to demonstrate that there was continuous public use for the full statutory period of fifteen years.

Further, the defendants cannot meet the element of exclusivity because "the property must not be shared with the disseized owner." *Ellington*, 534 S.W.3d at n.3; *see also Moore v. Stills*, 307 S.W.3d 71, 77 (Ky. 2010) (". . . it must be selfish or exclusive possession, the disseizor must hold possession for himself to the exclusion of the true owner" (internal citations omitted)). Here, Bretagne has continued to use the roads on the Powell property for oil roads and the roads on the Estill property have been used by its lessee for its off-road park.

A road may also be dedicated as a public road by estoppel. "[E]stoppel requires a promise from the landowner, either express or implied, and a reliance thereon by the public." *Ellington*, 534 S.W.3d at 794; *see also Nash v. Campbell Cnty. Fiscal Court,* 345 S.W.3d 811, 819 (Ky 2011). "A public road is dedicated by estoppel when the public continuously and substantially uses the road for a long duration so as to evidence the landowner's intent to dedicate such a road." *Freeman v. Dugger*, 286 S.W.2d 894, 896 (Ky. 1956) (internal citations and quotations omitted). "The question is not one of necessity, but one of reliance by the public on appearances created by the landowner." *Id*. at 897. And there is no set time limit for dedication by estoppel. *Nash*, 345 S.W.3d at 819.

But there is nothing in the record to indicate that Bretagne made any appearance or promise to dedicate the roads on its properties as public roads. Rather, Bretagne took steps to avoid public access to its property by having locked gates and posting no trespassing signs. Additionally, and as noted previously, the testimony of Dozier does not indicate the property was used continuously for a public purpose to demonstrate an implied promise. In short, there is nothing that indicates that the roads were dedicated by estoppel as public roads.

**B.     Injunctive Relief**

Because the roads on the property are not county or public roads, the Court must next determine whether injunctive relief may be issued to keep the defendants off of the plaintiff's property. "A county government is cloaked with sovereign immunity." *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003). Typically, sovereign immunity will bar relief unless the sovereign has waived immunity or consented to suit. *Beshear v. Haydon Bridge Co.* (*Haydon Bridge II*), 416 S.W.3d 280, 288 (Ky. 2013).

However, the plaintiff contends that it is entitled to injunctive relief based on the holding in *Univ. of Ky. v. Moore*, 2018-SC-000193-TG, 2019 Ky. LEXIS 437 (Ky. Oct. 31, 2019). There, the Supreme Court of Kentucky explained that a declaratory judgment action is different from a suit for damages because there is no harm to state resources, and "there simply can be no sovereign immunity when a court is asked to declare someone's rights under a statute. The state is not above its own laws." *Id*. at *31 (internal citations and quotations omitted).

The *Moore* Court noted that, "[a]fter a court has issued a declaration of rights by judgment, order or decree, further relief based upon that declaration may be granted whenever necessary or proper." *Id*. at *26. The court went on to state that "declaratory relief may be available even though an injunction may not." *Id*. However, it did not rule on the availability of injunctive relief because there was no justiciable issue before the court on that claim. *Id*. at *30; *see also Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992). While *Moore* holds that a party can seek a declaratory judgment against a state agency, it did not determine whether injunctive relief would be appropriate.

In *Haydon Bridge II*, Kentucky's highest court stated that typically an injunction is foreclosed unless the sovereign has waived immunity or consented to suit. 416 S.W.3d at 288. But it explained that "prospective injunctive powers are available to Kentucky courts in cases [involving state officials] and those powers include both temporary relief pending a declaration of unconstitutionality under the Kentucky Constitution as well as permanent relief in a final judgment." *Id*. at 289. The court went on to discuss the *Ex parte Young* exception to sovereign immunity which allows federal courts to issue injunctive relief against state officials interfering with federal rights. It noted that the exception "is not applicable to an action directly against the state or state agency, only against a state officer, and it cannot be used to compel a state officer to comply with state law." *Id*. at 289. The court concluded that prospective injunctive relief was proper in the state court action against state officials, but retrospective injunctive relief for the return of funds was improper.

The defendants assert that they are sovereignly immune from the plaintiff's request for injunctive relief because such relief is not available against state agencies in the federal courts. They are correct in this regard. Here, there is no indication that a waiver or an exception applies to sovereign immunity. And contrary to the plaintiff's assertion, the cases it cites do not expand the exception under *Ex parte Young*. As a result, the defendants' motion for summary judgment will be granted, and the plaintiff's motion for summary judgment will be denied on its injunctive relief claim.

Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Bretagne, LLC's motion for summary judgment [Record No. 57] is **GRANTED** in part and **DENIED** in part.

-11-

2. Judgment is entered in favor of the plaintiff on its declaratory judgment claim. However, the plaintiff's request for a permanent injunction is denied.

3. The motion for summary judgment filed by Defendants Multi-County Recreational Board, Inc., d/b/a Hollerwood Offroad Adventure and Powell County, acting by and through its Fiscal Court, [Record No. 58] is **GRANTED**.

4. The bench trial scheduled to begin Monday, July 27, 2020, is **CANCELED**.

Dated: June 17, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky